IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DELTA FLEX PARTNERS, LLC,                §
                                         §
    Plaintiff,                           §
                                         §
v.                                       §       CIVIL ACTION NO. 3:24-cv-00940-L
                                         §
RANDOLPH HOSPITAL, INC. *d/b/a*          §
RANDOLPH HEALTH,                         §
                                         §
    Defendant.                           §

## PLAINTIFF'S MOTION FOR (1) ENTRY OF DEFAULT AND (2) DEFAULT JUDGMENT

Plaintiff Delta Flex Partners, LLC ("Plaintiff") requests that pursuant to FED. R. CIV. P. 55(a) the Clerk enter default against Defendant Randolph Hospital, Inc. *d/b/a* Randoph Health ("Defendant") and that pursuant to FED. R. CIV. P. 55(b) the Clerk or the Court enter a default judgment against Defendant.  In support hereof Plaintiff states as follows:

### I.
### AUTHORITY FOR RELIEF SOUGHT

1.    By this Motion for (1) Entry of Default and (2) Default Judgment (the "Motion"), Plaintiff requests that the Clerk first enter a default pursuant to FED. R. CIV. P. 55(a).  Following the Clerk's entry of a default, Plaintiff requests that the Clerk or the Court grant default judgment in favor of Plaintiff pursuant to FED. R. CIV. P. 55(b).

### II.
### MOTION

2.    On April 17, 2024, Plaintiff filed a lawsuit against Defendant.  *See* Plaintiff's Original Complaint (hereinafter, the "Complaint"), (Dkt. No. 1).  Plaintiff sued the Defendant for quantum meruit, unjust enrichment, breach of contract (third-party beneficiary), and for a

recovery of Plaintiff's reasonable and necessary attorneys' fees and costs incurred as a result of filing and prosecuting the lawsuit.  *See* the Complaint at ¶¶ 17-31 (Dkt. No. 1).

3.      On April 18, 2024, a summons directed to Defendant was issued from the United States District Court for the Northern District of Texas.  *See* the Summons in a Civil Action (hereinafter, the "Summons"), (Dkt. No. 4).

4.      On April 19, 2024, the Summons and the Complaint were served on the Texas Secretary of State, as agent for service of process for Defendant.  *See* the Return of Service (Dkt. No. 5).  The Secretary of State forwarded the Complaint and the Summons to Defendant's home office address of 364 White Oak Street, Asheboro, North Carolina 27203, by certified mail, return receipt requested.  *See* correspondence from Texas Secretary of State dated May 16, 2024, attached hereto as Exhibit A.

5.      The Summons and Return were filed with this Court on April 26, 2024. *See* the Summons and Return (Dkt. No. 5).

6.      The date for Defendant to file an answer or otherwise appear in the lawsuit was May 10, 2024.  *See* FED. R. CIV. P. 12(a)(1)(A)(i).  As of the date and time of this Motion, however, Defendant has not filed an answer, or any pleading constituting an answer, and has not entered an appearance.  *See* Affidavit of Jacob B. Kring, attached hereto and incorporated herein as Exhibit B (hereinafter, the "Kring Affidavit") at ¶ 11.

7.      If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* FED. R. CIV. P. 55(b)(1) & (2).  Here, the amount of the judgment can be reliably computed from the record. The amount of actual damages suffered by Plaintiff and identified in the Complaint as a result of

Defendant's actions is $262,262.59.  This is a lawsuit for a sum certain.  *See* the Complaint (Dkt. No. 1).  The damages in the Complaint are liquidated, as evidenced by the Declaration of Ashly Fouse, attached hereto as <u>Exhibit C</u>, and the invoices, attached to the Complaint as Exhibit A.  *See* the Complaint (Dkt. No. 1).

8.      Because the Defendant is not an individual, it cannot be and is not in the military.  *See* 50 U.S.C. App. § 521 (b)(1)(A) (requiring an affidavit "stating whether or not <u>the defendant</u> is in the military service"); *see also* Servicemember's Affidavit at ¶ 2, attached hereto as <u>Exhibit D</u>.  Similarly, because the Defendant is an entity, it is not a minor or incompetent person.  *See* FED. R. CIV. P. 55(b).

9.      As a direct result of the conduct of the Defendant, Plaintiff was forced to hire legal representation, file this lawsuit, and incur costs and attorneys' fees in order to protect its rights.  Plaintiff hired Husch Blackwell LLP as its attorney in this matter.  *See* Kring Affidavit at ¶ 2.  Plaintiff pleaded for attorneys' fees pursuant to §§ 38.001, *et seq.*, of the Texas Civil Practice and Remedies Code.  *See* the Complaint at ¶¶ 30-31.   In the prosecution of this lawsuit, Plaintiff's counsel seeks $7,169.50 in attorneys' fees and $710.50 in costs.  *See* the Kring Affidavit at ¶¶ 3-8.  These amounts are reasonable and necessary.  *See id*. at ¶ 8.

### III.
### RELIEF REQUESTED

Plaintiff Delta Flex Partners, LLC seeks (1) that the Clerk first enter a default pursuant to FED. R. CIV. P. 55(a), and (2) following the Clerk's entry of a default, requests that the Clerk or the Court grant default judgment in favor of Plaintiff pursuant to FED. R. CIV. P. 55 (b) as follows:

(A)      Compensatory damages in the amount of $262,262.59;

(B)     Plaintiff's reasonable attorneys' fees incurred in filing and prosecuting the lawsuit

in the amount of $7,169.50;

(C)     Plaintiff's expenses incurred in filing and prosecuting the lawsuit in the amount of

$710.50;

(D)     All costs of court;

(E)     Any and all costs and reasonable attorneys' fees incurred in any and all related

appeals and collateral actions (if any);

(F)     Pre-judgment and post-judgment interest on all sums at the maximum rate

allowed by law; and

(G)     Such other relief to which this Court deems Plaintiff is justly entitled.

Dated:  06/03/24                                Respectfully submitted,

                                                 /s/ Jacob B. Kring
                                                **Jacob B. Kring**
                                                Texas State Bar No. 24062831

                                                **HUSCH BLACKWELL LLP**
                                                1900 N. Pearl Street, Suite 1800
                                                Dallas, Texas 75201
                                                Phone:  (214) 999-6100
                                                Fax:     (214) 999-6170
                                                Jacob.Kring@HuschBlackwell.com

                                                **ATTORNEY FOR PLAINTIFF**

# **<u>EXHIBIT A</u>**



# The State of Texas
## Secretary of State

2024-363928-1

I, the undersigned, as Secretary of State of the State of Texas, DO HEREBY CERTIFY that according to the records of this office, a copy of the Summons and Plaintiff's Original Complaint in the cause styled:

Delta Flex Partners LLC vs Randolph Hospital Inc
United States District Court, Northern District of Texas
Cause No: 324CV00940L

was received by this office on April 19, 2024, and that a copy was forwarded on May 15, 2024, by CERTIFIED MAIL, return receipt requested to:

Randolph Hospital Inc. dba Randolph Health
364 White Oak Street
Asheboro, NC 27203



Date issued: May 16, 2024

*Jane Nelson*

**Jane Nelson**
**Secretary of State**
GF/mr

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELTA FLEX PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-00940-L |
| | § | |
| RANDOLPH HOSPITAL, INC. *d/b/a* | § | |
| RANDOLPH HEALTH, | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF JACOB B. KRING IN SUPPORT OF PLAINTIFF'S MOTION FOR (1) ENTRY OF DEFAULT AND (2) FOR DEFAULT JUDGMENT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, personally appeared Jacob B. Kring, who, being duly sworn upon his oath, stated as follows:

1.      My name is Jacob B. Kring.  I am over the age of 18 years.  I am fully competent to make this affidavit.  All the facts stated herein are within my personal knowledge and are true and correct.

2.      I am counsel for Plaintiff Delta Flex Partners, LLC ("Plaintiff") in the above-captioned lawsuit and am licensed to practice law in the State of Texas.

3.      Throughout the course of the above-captioned lawsuit, counsel for Plaintiff conducted legal and factual research in connection with the filing of Plaintiff's Original Complaint, and drafted, filed, and effected service of Plaintiff's Original Complaint.  Counsel for Plaintiff also conducted legal and factual research in connection with the drafting and filing of Motion for (1) Entry of Default, and (2) For Default Judgment.

4.      Counsel for Plaintiff's hourly rate ranges from $335.00 per hour to $695.00 per hour.  Plaintiff has also been billed for all out-of-pocket expenses, such as copies, process servers, and filing fees, incurred in this matter by Husch Blackwell LLP.

5.      I have spent the following time on this matter as of the date of the filing of this affidavit:

| Timekeeper | Hourly Rate | Hours Worked | Total |
|---|---|---|---|
| Jacob B. Kring | $695.00 | 2.20 | $1,529.00 |
| Jackson A. Goodwin | $450.00 | 9.80 | $2,880.00 |
| McKenzie C. Farley | $350.00 | 7.60 | $2,660.00 |
| Kimberly Matthews | $335.00 | .30 | $100.50 |
| **TOTAL** | | **19.90** | **$7,169.50** |

6.      No part of the billing arrangement or fee structure for this matter is, in any way, based on or involved with any contingency fee.  The fees sought are reasonable in light of the factors set out in Rule 1.04 of the Texas Rules of Professional Conduct:  (1) time and labor required and difficulty of issues involved and the skill level required to perform the tasks of the case; (2) likelihood that the fee will preclude other employment by the attorney; (3) the fees customarily charged by other firms in the area for similar services; (4) the amount of time involved; (5) the time limits imposed by the client; (6) the nature and length of the relationship with the client; and (7) the experience and reputation of the attorney.

7.      I have tried cases of a similar nature to this one in this geographic area and I am familiar with the costs and attorneys' fees incurred in matters such as this one.  I have also reviewed the file on this matter.

8.      As of the date of this affidavit, Plaintiff's counsel seeks $7,169.50 in attorneys' fees and $710.50 in costs as a direct result of pursuing judgment against Defendant.  I have reviewed the file on this matter, and, in my opinion, these attorneys' fees and costs incurred by

Plaintiff as a direct result of pursuing judgment against Defendant are both reasonable and necessary.

9.      The attorneys' fees sought in this case for the prosecution of Plaintiff's claims for breach of contract cannot be segregated from any other affirmative claim brought by Plaintiff. All claims asserted by Plaintiff arise out of the same transaction, and their interrelation is such that their prosecution entails proof of essentially the same facts.

10.      If Plaintiff is successful in an appeal to any Court of Appeals, Plaintiff will incur an additional $25,000.00 in costs and reasonable and necessary attorneys' fees. If Plaintiff is successful in any appeal to the United States Supreme Court, Plaintiff will incur an additional $50,000.00 in costs and reasonable and necessary attorneys' fees.

11.      As of the date and time of Plaintiff's Motion for (1) Entry of Default, and (2) For Default Judgment, Defendant has not filed an answer, or any pleading constituting an answer, and has not entered an appearance.

_____
Jacob B. Kring

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, on the ____ day of June 2024.



MCKENZIE FARLEY
Notary Public, State of Texas
[SEAL] Comm. Expires 06-17-2026
Notary ID 128270930

_____
Notary Public in and for the State of Texas

**AFFIDAVIT OF JACOB B. KRING IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR (1) ENTRY OF DEFAULT AND (2) FOR DEFAULT JUDGMENT**                    **PAGE 3**

# **EXHIBIT C**

STATE OF TEXAS         §
                                  §

**DALLAS COUNTY**      §

## DECLARATION OF ASHLY FOUSE

Before me, the undersigned authority, on this day personally appeared Ashly Fouse, who, after being duly sworn, stated the following:

1.     My name is Ashly Fouse. I am over the age of 18 years, and I have never been convicted of a crime of moral turpitude. I am of sound mind, and I am otherwise competent to make this declaration.  The facts stated in this declaration are within my personal knowledge and are true and correct.

2.     I am the Senior Director of Accounting Services of Plaintiff Delta Flex Partners, LLC ("Plaintiff"). As such, I am familiar with the day-to-day operations and general business dealings of Plaintiff, including, but not limited to, the amounts owed to Plaintiff by Defendant Randolph Hospital, Inc. *d/b/a* Randolph Health ("Defendant").

3.     Plaintiff's claims against Defendant are founded upon an open account and/or upon the business dealings between Plaintiff and Defendant through Qualivis, LLC as an intermediary. Such claims are for services rendered and/or labor done. Plaintiff has kept a systematic record of its account with Defendant. *See* the Invoices, true and correct copies of which are attached to Plaintiff's Original Complaint as Exhibit A.  As of today, the total sum of $262,262.59, is just, true, and is due and owing from Defendant to Plaintiff for services rendered and/or labor done. All just and lawful offsets, payments, and credits have been allowed, and the debt owed to Plaintiff by Defendant is liquidated.

My name is Ashly Fouse. My date of birth is February 7, 1992, and my address is 3100 Olympus Boulevard, Suite 500, Dallas, Texas 75019. I declare under penalty of perjury that the

**DECLARATION OF ASHLY FOUSE**                                               **PAGE 1**

foregoing is true and correct. Executed in Dallas, Dallas County, State of Texas, on the 29th day

of May 2024.

DocuSigned by:

*Ashly Fouse*

1B577540140F4CC...

Ashly Fouse

# **EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELTA FLEX PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-00940-L |
| | § | |
| RANDOLPH HOSPITAL, INC. *d/b/a* | § | |
| RANDOLPH HEALTH, | § | |
| | § | |
| Defendant. | § | |

### SERVICEMEMBER'S AFFIDAVIT REGARDING DEFENDANT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, personally appeared Jacob B. Kring, who, being duly sworn upon his oath, stated as follows:

1.      My name is Jacob B. Kring.  I am over the age of 18 years, and I have never been convicted of a crime of moral turpitude.  I am fully competent to make this affidavit.  All of the facts stated herein are within my personal knowledge and are true and correct.

2.      Defendant Randolph Hospital, Inc. *d/b/a* Randolph Health ("Defendant") is an entity. The aforementioned Defendant is not an individual. Because only individuals can enlist in the military, the aforementioned Defendant is not in the military.

FURTHER THE AFFIANT SAYETH NOT.

_____
Jacob B. Kring

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, on the 3rd day of June 2024.

MCKENZIE FARLEY
Notary Public, State of Texas
Comm. Expires 06-17-2026
Notary ID 128270930

_____
Notary Public in and for the State of Texas

SERVICEMEMBER'S AFFIDAVIT REGARDING DEFENDANT                    SOLO PAGE