IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DELTA FLEX PARTNERS, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-940-L** |
| § | |
| **RANDOLPH HOSPITAL, INC. d/b/a** § | |
| **RANDOLPH HEALTH,** § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Delta Flex Partners, LLC's ("Plaintiff" or "Delta Flex") Motion for Entry of Default and Default Judgment ("Motion") (Doc. 6), filed June 3, 2024. Plaintiff moves for default judgment against Defendant Randolph Hospital, Inc. d/b/a Randolph Health ("Defendant" or "Randolph Health") on its claims for Quantum Meruit, Unjust Enrichment, and Breach of Contract. It requests to recover damages totaling $262,262.59; attorney's fees totaling $7,169.50; $710.50 incurred in filing costs; all costs of court; any and all costs; reasonable attorneys' fees incurred in any and all related appeals and collateral actions, if any; and prejudgment and postjudgment interest on all sums at the maximum rate allowed by law. After considering the Motion, pleadings, and record, the court **denies without prejudice** the Motion (Doc. 6).

**I.      Factual and Procedural Background**

This lawsuit was filed in federal court on April 17, 2024, by Plaintiff against Randolph Health, pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges in its Complaint that it is "the Country's premier recruiting firm for searching and providing qualified physicians and mid-level medical positions." Doc. 1 at 3. Plaintiff further alleges that on July 2, 2019, it entered into the Subcontracting Agreement for Healthcare Professionals ("Agreement") with Qualivis, LLC. *Id.* Through this Agreement, Plaintiff contends that it agreed to provide temporary staffing needs through "one

contract and one contact." *Id.* Further, it alleges that Defendant agreed for Qualivis to manage its "affairs on its behalf by locating staffing businesses, such as Plaintiff, to search for and provide qualified physicians to [it]." *Id.* at 4.

Moreover, Plaintiff alleges that it entered into a " Client Term Sheet Randolph Health" (the "Term Sheet") with Qualivis, which was required for it to perform services for Defendant. *Id.* Plaintiff contends that it staffed multiple candidates for Defendant from November 2022 through June 2023. *Id.* Plaintiff further alleges that "[o]n information and belief, Defendant received payments from third-parties for healthcare work provided by candidates supplied by Plaintiff." *Id.* at 5. According to Plaintiff, Defendant has retained the proceeds from the healthcare providers supplied by it and has failed to pay Qualivis, and in turn, Qualivis has not paid Plaintiff. *Id.*

## II.     Legal Standard

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court entered a default against Defendant (Doc. 7) on June 4, 2024. Based upon the pleadings and information in the record and because Defendant is an entity, the court determines that it is not a minor, incompetent person, or member of the United States military. Defendant, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, Defendant may not contest the "sufficiency of the

evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

As explained later in this Memorandum Opinion and Order, Plaintiff's Complaint does not allege sufficient facts to maintain an action for any of its claims. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intell. & Coordination Unit,* 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.     Discussion

#### A. Quantum Meruit Claim

Quantum meruit is an equitable theory of recovery based on an implied agreement "to pay for beneficial services rendered and knowingly accepted." *Vortt Explor. Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). Recovery on an express contract and on quantum meruit are inconsistent. *See Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964). When a valid express contract exists covering the subject matter, there can be no implied contract. *Id.*; *Mitsubishi Aircraft Int'l, Inc. v. Maurer*, 675 S.W.2d 286, 288 (Tex. App.—Dallas 1984, no writ). If the work for which recovery is sought is covered by and falls within the scope of an express contract, the party

seeking to recover damages must look to the contract for compensation unless an exception to this general rule applies.[1] *Diamond Servs. Corp. v. RLB Contracting, Inc*., 113 F.4th 430, 443 (5th Cir. 2024) (citation omitted). The existence of an express contract, however, does not preclude recovery in quantum meruit for the reasonable value of services rendered and materials supplied that are not covered by the contract. *Id.* (citation omitted). To determine whether work in the form of services performed or materials supplied is covered by an express contract or constitutes "extra work" that falls outside of the scope of an express contract, the court must look at: "(1) whether the work was extra and (2) whether the contract[] made provision for the type of extra work performed." *Kittyhawk Landing Apartments III v. Anglin Const. Co.,* 737 S.W.2d 90, 92 (Tex. App.—Houston [14th Dist.] 1987), writ ref'd n.r.e.).

A claimant is only entitled to recover under a theory of quantum meruit "when non payment for the services rendered would result in an unjust enrichment to the party benefited by the work." *Id*. (citations and internal quotation marks omitted). The party seeking to recover under quantum meruit must prove:

(1) valuable services were rendered or materials furnished;

(2) for the person sought to be charged;

(3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him;

(4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

---

[1] "[R]ecovery in quantum meruit is permitted despite the existence of an express contract that covers the subject matter of the claim" when "a plaintiff has partially performed an express contract but, because of the *defendant's* breach, the plaintiff is prevented from completing the contract." *See Truly v. Austin*, 744 S.W.2d 934, 936-37 (Tex. 1988). Recovery in quantum meruit is also permitted when the contract is invalid or abandoned. *W & W Oil Co. v. Capps*, 784 S.W.2d 536, 537 (Tex. App.—Tyler 1990, no pet.).

Memorandum Opinion and Order – Page 4

*Id.* To satisfy this last requirement, the claimant must allege facts that show *before* it provided services or furnished materials, it notified the person or entity sought to be charged that it anticipated payment for such services or materials or the person or entity sought to be charged had notice *beforehand* that the claimant anticipated payment for the services or materials being provided. *See Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 & n.4 (Tex. 1992) (noting that there was no evidence "that the City had notice that Heldenfels anticipated payment from the City before Heldenfels delivered the T-beams" and rejecting the dissent's reasoning that this requirement was satisfied by evidence "that Heldenfels relied on the City for payment" because: "The issue is whether Heldenfels notified the City prior to the delivery of the T-beams that it anticipated payment from the City," not whether Heldenfels relied on the City for payment).

Here, the allegations are insufficient for the court to reasonably conclude that there is an implied agreement. To successfully state a claim for relief for quantum meruit, Plaintiff must prove that (1) valuable services were rendered, (2) to Defendant, (3) the services were accepted by Defendant, and (4) it reasonably notified Defendant of the expectation of payment in return for said services. Plaintiff alleges that " Defendant obtained the benefit of receiving services from Plaintiff. Defendant never paid for these services. The benefit received by Defendant was obtained by the taking of an undue advantage." Doc. 1 at 7. These allegations are conclusory and do not provide sufficient evidence to support a quantum meruit claim. Therefore, Plaintiff is not entitled to a default judgment on its quantum meruit claim.

### B. Unjust Enrichment Claim

Courts appear to be split as to whether unjust enrichment is an independent cause of action. *Elias v. Pilo,* 781 F. App'x 336, 338 n.3 (5th Cir. 2019) (and cases cited therein). Despite this split and tension and since the court last addressed this issue, the Fifth Circuit has held that "a party may still recover under the unjust enrichment theory . . . as long as it proves that the opposing party

obtained a benefit . . . by fraud, duress, or the taking of an undue advantage." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 380 n.11 (5th Cir. 2020) (internal quotation marks and citation omitted)). The court will treat unjust enrichment as an independent claim.

Under Texas law, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Heldenfels Bros. v. City of Corpus Christi,* 832 S.W. 2d 39, 41 (Tex. 1992). "Unjust enrichment occurs when someone has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts*, 300 S.W. 3d 348, 367 (Tex. App.—Dallas 2009, pet. denied). A plaintiff does not have a claim for unjust enrichment "merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall." *Heldenfels*, 832 S.W. 2d at 40.

Here, Plaintiff has not sufficiently alleged facts from which the court can reasonably infer that Defendant received a benefit from it by fraud, duress, or taking of undue advantage. In its Complaint, Plaintiff alleges that "Defendant obtained the benefit of receiving services from Plaintiff. Defendant never paid for these services. The benefit received by Defendant was obtained by the taking of an undue advantage." Doc. 1 at 7. These statements are conclusory and do not allege sufficient facts from which the court may reasonably infer that Defendant obtained a benefit from Plaintiff by fraud, duress, or taking of undue advantage. Therefore, Plaintiff is not entitled to a default judgment on its unjust enrichment claim.

### C.  Breach of Contract Claim

To prevail on a breach of contract claim, Plaintiff must sufficiently plead allegations from which the court can reasonably infer the following elements: "(1) the existence of a valid contract; (2)

performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (internal quotation marks and citations omitted). "A breach occurs when a party fails to perform a duty required by the contract." *Id.* "Whether a party has breached a contract is a question of law for the court." *X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 413 (5th Cir. 2013) (quoting *Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1996, writ denied)).

Plaintiff contends that the parties entered into the Agreement and Term Sheet on July 2, 2019. Doc. 1 at 3-4. Attached to its Motion are invoices from it to Defendant from November 20, 2022, to June 18, 2023, and the total amount invoiced over this period is $262,262.59. *Id.* at 5-6. The attached invoices do not allow the court to reasonably infer that there was a contract established between the two parties. ***Moreover, Plaintiff does not attach copies of the Agreement, Term Sheet, or any other contract between the parties.***

Plaintiff's allegations are conclusory and are not supported by adequate factual allegations. In its Complaint, Plaintiff does not sufficiently allege that the contracts were valid or how each party was to perform. As it relates to damages and breach, Plaintiff merely states in a conclusory fashion that "Defendant breached the Randolph Agreement by refusing to pay Qualivis' invoices." *Id.* at 8. Further, it contends that "[a]s a result of Defendant's breach of the . . . Agreement, Plaintiff has incurred damages in an amount to be determined at trial, but not less than $262,262.59." *Id.* These statements alone are not sufficient to establish a breach of contract claim. The allegations set forth by the Plaintiff do not allow the court to reasonably infer that a contract existed between the parties. Therefore, Plaintiff is not entitled to a default judgment on its breach of contract claim.

### IV. Conclusion

Plaintiff's allegations for all three claims are not well-pleaded and, even though Defendant did not answer or otherwise respond to the Complaint, the allegations are not well-pleaded, therefore entry of default judgment is not warranted. For these reasons, the court **denies without prejudice** its Motion for Default Judgment (Doc. 6). Further, the court **orders** Plaintiff to file an Amended Complaint by **5 p.m.** on **January 13, 2025**, that cures all of the deficiencies identified in this Memorandum Opinion and Order with respect to each claim. Failure to do so will result in dismissal with prejudice pursuant to Rule 12(b)(6). Moreover, the court **directs** Plaintiff to properly serve Defendant with the Amended Complaint by **5 p.m.** on **February 10, 2025,** and demonstrate to the court that it has been served. Failure to serve Defendant by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**It is so ordered** this 23rd day of December, 2024.

Sam A. Lindsay
United States District Judge